IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

**LENIN MINVILLE**       *     **CIVIL ACTION NO. 06-1237**

**VERSUS**       *     **JUDGE JAMES**

**ALBERTO GONZALES, ET AL.**       *     **MAGISTRATE JUDGE HAYES**

## REPORT AND RECOMMENDATION

Before the court is a Motion to Dismiss the Petition for Writ of *Habeas Corpus* (28 U.S.C. § 2241) (Doc. No. 1) file by Lenin Minville on July 21, 2006. When he filed his petition, Minville was in the custody of the Department of Homeland Security/Bureau of Immigration Customs Enforcement (DHS/BICE) and was detained at the Tensas Parish Detention Center, Waterproof, Louisiana. For reasons stated below, it is recommended that the government's Motion to Dismiss be **GRANTED** and Minville's petition be **DISMISSED WITH PREJUDICE** as **MOOT**.

## STATEMENT OF THE CASE

Minville's claim is limited to a challenge to his continued detention under *Zadvydas v. Davis*, 533 U.S. 678, 121 S.Ct. 2491, 150 L.Ed.2d 653 (2001). In its Motion to Dismiss, the government has advised the court that Minville was removed from the United States and returned to the Dominican Republic on April 18, 2006. (Doc. No. 11-3). In addition, a review of the record herein shows that mail sent to Minville at the Tensas Parish Detention Center has been returned since August 14, 2006, with the notation that he is no longer at that facility, supporting the government's position that Minville has been removed from this country.

## LAW AND ANALYSIS

The undisputed evidence before the court establishes that Minville is no longer in custody, that he has been removed from the United States, and that his claim was limited to a

challenge to his detention pending removal. Thus, Minville's *habeas* petition is now moot.

Therefore, **IT IS RECOMMENDED** that the Motion to Dismiss be **GRANTED** and Minville's Petition for Writ of *Habeas Corpus* be **DISMISSED WITH PREJUDICE AS MOOT**.

Under the provisions of 28 U.S.C. §636(b)(1)(C) and FRCP Rule 72(b), the parties have **ten (10) business days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **ten (10) business days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED at Monroe, Louisiana, this 13th day of September, 2006.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE

H:\2241\06-1237.091306.rr.klh.frm